AO 91 (Rev. 11/11)  Criminal Complaint

| | | | |
|---|---|---|---|
| AUSA: | Vance | Telephone: | (810) 766-5177 |
| Special Agent: | Bowling, ATF | Telephone: | (810) 341-5710 |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
    v.
Eric Smith,

Case No. 4:23−mj−30390
Assigned To : Ivy, Curtis, Jr
Assign. Date : 9/26/2023
Description: IN RE:SEALED MATTER

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 19, 2023__ in the county of __Genesee__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o) | Illegal possession of machine gun |

This criminal complaint is based on these facts:
That on or about May 19, 2023, in the Eastern District of Michigan, Eric Smith knowingly possessed a machine gun in violation 18 U.S.C. § 922(o).

☑ Continued on the attached sheet.

_____
Complainant's signature

Daniel Bowling, Special Agent, ATF
Printed name and title

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date:  September 26, 2023

_____
Judge's signature

City and state:  Flint, MI

Curtis Ivy, Jr., United States Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent Daniel Bowling, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION & AGENT BACKGROUND

1. I make this affidavit from personal knowledge based on the following: my participation in this investigation, including witnessing interviews by myself and/or other law enforcement officers, communications with others who have personal knowledge of the events and circumstances described herein, and information gathered through my training and experience. The information outlined below is for the limited purpose of obtaining a criminal complaint and an arrest warrant. I have not set forth each and every fact I have learned in this investigation.

2. I Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"). I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and

experience. During my tenure with ATF, I have gained experience in the investigation, apprehension and prosecution of individuals involved in federal criminal offenses, the use of cell phones to commit those offenses, and the available technology that can be used by law enforcement to assist in identifying the users of cell phones and their location. I am empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18 and Title 21 of the United States Code. I have been employed by the ATF since July 26, 2015. I completed Special Agent Basic Training and Criminal Investigative Training at the Federal Law Enforcement Training Center. I was previously employed as a Police Officer with the Metropolitan Nashville Police Department in Nashville, Tennessee from March of 2008 through May of 2015. During my time there, I was assigned to the Gang Unit from August of 2012 until May of 2015. My duties included, but were not limited to, conducting controlled purchases of narcotics through utilization of confidential informants, application for and execution of search warrants on persons, residences, and vehicles, debriefing of confidential informants, interviewing witnesses and proffering defendants. In addition, I analyzed toll records and led investigations that resulted in the interception of wired communications. I have testified in all levels of court proceedings, both at the state and the federal level.

## PURPOSE OF AFFIDAVIT

3.     The purpose of this affidavit is to establish probable cause that Eric Smith (DOB XX/XX/1997) violated 18 U.S.C. § 922(o) (illegal possession of a machine gun) on or about the Month of May 2023, in the Eastern District of Michigan.

4.     Since January of 2023, ATF agents have been investigating Daquan Hawkins and his co-conspirators and their involvement in the trafficking of firearms as well as their possession and sale of machine guns.  During the investigation, an ATF Special Agent (SA) (hereinafter UCA) was introduced to Hawkins in an undercover capacity.  As a result of the introduction, the UCA has purchased over one hundred firearms and NFA items from Hawkins and his co-conspirators.  Hawkins and the UCA communicated through cellular telephone conversations to coordinate and facilitate the transactions. Hawkins then acquired firearms from co-conspirators (both known and unknown to ATF agents) and sold the firearms to the UCA.  As a result of the transactions, SA's have submitted and received multiple court authorized search warrants and pen registers for Hawkins's cellular telephones to assist SA's with surveillance efforts.  In addition, SA's utilized the received information from the pen registers to assist them with identifying Hawkins's co-conspirators.

## PROBABLE CAUSE

5. On or about May 11, 2023, the UCA met with Hawkins in an effort to acquire previously discussed firearms. During the interaction, Hawkins rode in an undercover vehicle (UCV) with the UCA. Hawkins directed the UCA to a residence on Harwood Rd, Mount Morris, Michigan. Smith arrived at the residence driving a Pontiac sedan. Smith and Hawkins entered the residence and after a brief wait, Hawkins exited the residence and approached the UCV. Hawkins presented the UCA with a black semi-automatic rifle and indicated that "he" (Smith) wanted "fourteen hundred" for the firearm. The UCA provided Hawkins with previously photocopied U.S. currency at which time Hawkins walked back to the residence. Hawkins eventually returned back to the UCV and indicated that "he got switches too," indicating that Smith was in possession of Glock Switch machine gun conversion kits. In front of the UCA, Hawkins asked Smith, who now joined Hawkins, the price of the "switches." Smith responded, "four" (meaning $400). The UCA informed Smith that he would purchase the switches the next time the UCA met with Smith. Smith agreed.

6. On or about May 19, 2023, the UCA met with Hawkins in an effort to acquire previously discussed firearms. During recorded conversations leading up to the meet, Hawkins indicated that his "cousin" (Smith) had multiple "switches" for sale. The UCA met Hawkins at his residence located on Miami Ln, Flint, Michigan.

During the interaction, the UCA observed a black Nissan Maxima sedan arrive at Hawkins residence. The parties approached the vehicle and the UCA observed Smith as the driver and sole occupant of the vehicle. Hawkins got into the front passenger seat of the sedan where the UCA observed Smith hand Hawkins a baggie. Hawkins then handed the UCA the baggie. The UCA identified the contents of the baggie to be two drop-in auto-sear machine gun conversion kits and parts to a Glock Switch machine gun conversion kit (*The machine gun conversion kit was missing a pin but was easily convertible to a machine gun conversion kit and was identified by ATF agents to be a machine gun by definition*)[1]. During conversation, the UCA made multiple statements identifying the conversion kits and the auto-sears as devices that convert firearms to full-automatic. The UCA presented Hawkins with previously photocopied U.S. currency for the acquired machine gun conversion kits.

---

[1] Drop-in auto-sears and Glock switches are small devices that can be inserted into firearms or attached to the rear of the slide of a Glock pistol. Both of the devices are designed to convert semi-automatic firearms into machine guns capable of fully automatic fire, that is, automatically shooting more than one shot, without manual reloading, by a single function of the trigger. *See* 18 U.S.C. § 921(a)(24) and 26 U.S.C. § 5845(b). The term machine gun includes "any part designed and intended solely and exclusively…for use in converting a weapon into a machinegun…." *Id*. Accordingly, drop-in auto-sears and Glock switches are themselves "machine gun[s]." *Id*.

## CONCLUSION

7.    Based upon the above information, probable cause exists to believe that on or about May 19, 2023, in the Eastern District of Michigan, Eric Smith knowingly possessed a machine gun in violation 18 U.S.C. § 922(o).

_____
Daniel Bowling, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn before me or by reliable electronic means on this 26th day of September, 2023.

_____
Honorable Curtis Ivy, Jr.
United States Magistrate Judge